# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THOMAS RIPPLE,<br><br>                Plaintiff,<br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>                Defendant. | Case No. 17-CV-469-JPS<br><br>**ORDER** |

       On July 18, 2017, the parties filed a joint stipulation for entry of a protective order. (Docket #24). The parties request that the Court enter a protective order so that they may avoid the public disclosure of confidential information and documents. *Id.* Rule 26(c) allows for an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G), Civil L. R. 26(e).

       The Court sympathizes with the parties' request and will grant it, but, before doing so, must note the limits that apply to protective orders. Protective orders are, in fact, an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); Fed. R. Civ. P. 26(c); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade secrets…and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause, and also that the order is narrowly tailored to serving that cause. Fed. R. Civ. P. 26(c); *see, e.g., Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945, *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (holding that, even when parties agree to the entry of a protective order, they still must show the existence of good cause). The Court can even find that broad, blanket orders are narrowly tailored and permissible, when it finds that two factors are satisfied:

> (1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and
>
> (2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006) (citing *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945). The parties have requested the protective order in this case in good faith; they seek the order so that they might freely exchange sensitive information including, for example, proprietary business information. *See* (Docket #13 at 4). The Court thus finds that there is good cause to issue the requested protective order.

However, the Court finds that one slight change is necessary to maintain compliance with the above-cited precedent. Consistent with the Court's and this district's standard practice, the Court will allow members of the public to challenge the confidentiality of documents filed in this case. The Court has modified the parties' proposed language to that effect. *See supra* Paragraph 8.

Finally, the Court must note that, while it finds the parties' proposed order to be permissible and will, therefore, enter it, the Court subscribes to the view that the Court's decision-making process must be transparent and as publicly accessible as possible. Thus, the Court preemptively warns the parties that it will not enter any decision under seal.

Accordingly,

Based on the parties' joint stipulation, (Docket #24), and the factual representations set forth therein, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

**IT IS ORDERED** that, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e):

1. The term "document" shall mean all written, recorded, electronic or graphic material, however produced or reproduced, pertaining in any way to the subject matter of this action.

2. The Parties may designate as "Confidential" all or part of any document they have generated or produced, by affixing the word "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility or readability of the document. There shall be a subcategory of confidential materials, identified as "Attorneys' Eyes Only," designated by affixing the words "ATTORNEYS' EYES ONLY" on the document in a manner that will not interfere with the legibility or

readability of the document, which shall be treated in the same manner as confidential material pursuant to the terms of this Order, except with the further restriction that such Attorneys' Eyes Only material shall be disclosed by the Parties only to outside attorneys working on this litigation for the Parties, and the law clerks, paralegals, office clerks and secretaries working under outside attorneys' supervision, and to outside experts who also agree to be bound by this Order. Together, these classes of confidential material are herein referred to as "Confidential Information."

3. Designation as Confidential Information shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner. If it is not practical to mark each page of a document, as in the case of a bound publication, the cover of such document shall be so marked. If not practical to so mark the material itself, a container for, or a tag attached to, the material shall be so marked.

4. The Parties understand any designations hereunder shall be made in compliance with, and limited by, the standards currently in place in the Seventh Circuit. *See, e.g., Hicklin Eng'g v. Bartell*, 439 F.3d 346 (7th Cir. 2006); *In re Sprecht*, 622 F.3d 697 (7th Cir. 2010). Subject to those standards, materials will be designated as Confidential Information only when a Party, in good faith, believes it contains nonpublic technical, commercial, financial, personal or business information, and only so designated and/or redacted to the extent necessary to protect that information. Materials will only be designated as Attorneys' Eyes Only when a Party, in good faith, believes that it contains confidential strategic, trade secret, product, or other business information, the disclosure of which to employees or agents of an opposing Party (aside from counsel) will or could cause substantial or

irreparable harm, and only so designated and/or redacted to the extent necessary to protect that information.

5. For all documents produced after entry of this Order, the designation of Confidential Information shall occur prior to or contemporaneously with the production or disclosure of the document. For documents produced for inspection at the location of the Parties' facilities or agents, the documents may be designated and marked Confidential Information after inspection, but before they are copied and produced. For those documents produced prior to entry of this Order, the Parties shall have 15 days from the date of this Order within which to designate any documents as Confidential Information. There will be no waiver of confidentiality by the inspection of Confidential Information documents before they are copied and marked Confidential Information pursuant to this procedure.

6. If testimony respecting Confidential Information is elicited during a hearing or at trial, counsel for the Parties may request at the hearing or trial that a designated portion of the transcript be treated as Confidential Information. With respect to Confidential Information elicited or disclosed during a deposition, designations of portions of the deposition transcript as Confidential Information shall be made when the deposition is taken or within 30 days following the delivery of a copy of the deposition transcript to the Parties' respective counsel.

7. Confidential Information shall be used solely for the purposes of this litigation, other proceeding related to this litigation, and not for any other litigation, business, or other purpose whatsoever. All Confidential Information and all copies of documents referring to Confidential Information shall be kept by counsel in an appropriately safe place. All

copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "<u>copies</u>') of documents or information designated as Confidential Information under this rule, or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if those words do not already appear thereon. Confidential Information may be disclosed only to the extent necessary for conducting this litigation, only when such disclosure is accompanied by a copy of this Order, and only to the following persons (with the additional limitations on "ATTORNEYS' EYES ONLY" materials described above):

    a.    Parties to this litigation;

    b.    The attorneys of record for the Parties to this litigation and their duly-authorized legal, paralegal, or stenographic employee(s);

    c.    Bona Fide third-party consulting experts and testifying, expert witnesses retained by counsel with respect to any aspect of the prosecution or defense of this action, and not for any other purpose, and who, in advance of any such disclosure, have consented in writing to be bound by the provisions of this Order;

    d.    Non-party deposition witnesses at the time of deposition whose testimony is or may be taken, provided that prior to any disclosure, such witnesses have agreed in writing to be bound by the terms of this Order;

    e.    "ATTORNEYS' EYES ONLY" materials shall only be shown to a deposition witness at the time of deposition if the witness is the producing party or agent thereof, or to a non-producing party witness if it is apparent from the face of the

document, or from testimony given by the witness before the document is shown, that the witness either authored or received the document;

  f. Court reporters, to the extent deemed necessary by counsel; and

  g. the Court.

8. The Parties shall not be obligated to challenge the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge. In the event that any Party disagrees at any stage of these proceedings with the propriety of a designation of Confidential Information by the supplying Party, the Parties shall first try to resolve such disagreement in good faith on an informal basis. Any Party may, at any time, object to the designation of material as Confidential Information by giving written notice identifying the material to which the objection is directed.

If the Parties are unable to resolve their differences after reasonable efforts, any Party may file an appropriate motion to determine whether the disputed material should be treated as non-Confidential Information. In addition, interested members of the public may also challenge the designation of confidentiality by motion. The movant, whether it be a Party or interested member of the public, must accompany such a motion with the statement required by Civil L. R. 37. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the party prevailing on any such motion actual attorney's fees and costs attributable to the motion.

9. No person, including any Party to this litigation, receiving documents or deposition transcripts generated in this litigation or discovery-related correspondence between counsel, shall reveal or discuss any information which is deemed or marked Confidential Information pursuant to this Order, to or with any person who is not entitled to receive such information, as set forth above. To the extent answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be Confidential Information, these papers or any portion thereof must be redacted only to the extent necessary. If the parties seek to seal a document, either in part or in full, they must file a motion to seal that document, together with a redacted copy on the record. The party must simultaneously file unredacted copies under seal with the Clerk of Court via the CM-ECF system. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal.

10. No photocopies of Confidential Information shall be made except for use by those persons with access to such material pursuant to this Order. The Parties shall not retain Confidential Information outside of the office of their attorneys, except as necessary for the preparation of this action, and all such Confidential Information shall be returned to the Parties' counsel when such preparation is completed. Further, the Parties shall treat all notes and memoranda concerning the contents of Confidential Information produced as Confidential Information.

11. The entry of this Order shall not be construed as: (a) an agreement that any information designated as Confidential Information is, in fact, confidential, even in the absence of an objection; (b) an agreement by any Party to produce or supply any particular information; (c) a waiver

by any Party of its right to object to any discovery sought by any other Party; (d) a waiver of any privilege; or (e) a waiver to any objection as to admissibility at trial. Production, receipt, or designation of Confidential Information pursuant to this Order shall not be construed as a concession by any Party that such information is relevant or material to any issue in this case.

12. Nothing in this Order shall prevent the Parties from agreeing to seek Court approval for amendment of the Order.

13. The Parties will be served by their own counsel with a copy of this Order. It shall be the responsibility of the attorneys for the respective Parties to this action to take all reasonable and proper steps to ensure strict compliance with the provisions of this Order in their dealings with Confidential Information, and it shall further be the responsibility of such attorneys to take all reasonable and proper steps to ensure that this Order and all its provisions are made known to any person who shall examine Confidential Information.

14. Inadvertent disclosure of Confidential Information to an opposing Party without identifying the same as Confidential Information shall not be deemed a waiver of confidentiality with regard to the material inadvertently disclosed, nor shall it be deemed a waiver of confidentiality with regard to similar material. Any such material inadvertently disclosed and designated shall, upon receipt by the receiving Party of notice of the inadvertent disclosure, be returned to the disclosing Party promptly for appropriate marking. The receiving Party shall keep no copies or reproductions, shall make no use whatsoever of the material inadvertently disclosed, and shall treat the documents as Confidential Information from the time the materials are designated as such orally or in writing. If, prior

to receiving such notice, the receiving Party has disseminated the Confidential Information to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Information or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential Information.

15. Within 30 days of demand after the termination of this action by settlement, trial, or otherwise (including all appeals), counsel for the Parties and all other persons who have possession or control of Confidential Information, including but not limited to any notes or other transcriptions made from them, shall return such materials to the attorney of the Party who designated such matter as Confidential Information, or upon agreement of the Parties such materials may be destroyed by the Party to whom the Confidential Information was produced. However, nothing in this paragraph is intended to or shall require counsel to act contrary to or inconsistent with any ethical obligations or requirements concerning the retention of client files. Counsel are not required to destroy or return legal memoranda, pleadings, or other work product that may contain references to or information extracted from Confidential Information, and all such documents may be retained in the attorney's or Court's files subject to the terms of this Order.

All provisions of this Order shall be binding during the pendency of, and after the conclusion of, this action.

Dated at Milwaukee, Wisconsin, this 15th day of September, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge